UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP ANDREW MARTINEZ,<br><br>  Plaintiff,<br><br>  v.<br><br>DEPUTY TILLERY, et al.,<br><br>  Defendants. | Case No.  25-cv-10173-SVK<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff, an inmate in the San Francisco County Jail ("SFCJ"), filed this *pro se* civil rights complaint under 42 U.S.C. § 1983 against "San Bruno," the City and County of San Francisco and two SFCJ employees: Deputy Ng and Deputy Tillery. Plaintiff's application to proceed *in forma pauperis* is granted in a separate order. For the reasons explained below, upon preliminary screening, the complaint is **dismissed with leave to amend**.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not

necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

The allegations in the complaint are sparse. Plaintiff alleges he was "badly beaten" while in administrative segregation at the SFCJ. Dkt. 1 at 2. He further alleges his criminal defense attorney investigated the incident and took photos with the help of an investigator. No other facts are alleged. The complaint names "San Francisco County," "San Bruno," and Deputies Ng and Tillery as Defendants.[1] *Id.* at 1. He seeks money damages. *Id.* at 3.

The Due Process Clause of the Fourteenth Amendment protects a pretrial detainee in county jail from the use of excessive force that amounts to punishment. *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989). To prove such a claim under § 1983, a pretrial detainee must show that the "force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson,* 576 U.S. 389, 397 (2015). Plaintiff has not alleged any of the circumstances surrounding the beating, such as who beat him, when it took place, the extent or nature of the force used against him, or what injuries he sustained, if any. Consequently, the bare allegations in the complaint do not support a reasonable conclusion that the individual Defendants subjected him to

---

[1] The complaint also includes unnamed defendants. Dkt. 1 at 1 (including in caption "Medical Services and Deputy Sheriffs"), 7 (naming "all deputies in camera feeds").

1   excessive force in violation of his constitutional rights.

2       The Court is also aware that the beating may have been inflicted by other inmates, and not
3   the individual defendants or other SFCJ personnel.  Due process imposes a duty upon jail officials
4   to protect inmates themselves from harm at the hands of other inmates.  *Castro v. Cnty. of Los*
5   *Angeles*, 833 F.3d 1060, 1068 (9th Cir. 2016) (en banc).  The elements of a pretrial detainee's due
6   process failure-to-protect claim against an individual officer are:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;  (2) Those conditions put the plaintiff at substantial risk of suffering serious harm; (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved – making the consequences of the defendant's conduct obvious; and (4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* (footnote omitted).  As Plaintiff alleges no facts about the circumstances, extent, or nature of the beating, the complaint does not support a reasonable inference that Defendants made an intentional decision with respect to his safety, that he was at a substantial risk of harm, or that Defendants failed to take reasonable steps to lower that risk.  Consequently, the complaint does not state a cognizable claim against Defendants for violating his due process right to safety from harm from other inmates.

    Moreover, to successfully sue a municipality, such as the City and County of San Francisco or the City of San Bruno, plaintiff must show: "(1) that he possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation." *Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)) (internal quotation marks omitted).  In addition to failing to allege facts supporting a reasonable inference that he suffered a constitutional violation, Plaintiff has not alleged San Francisco or San Bruno had a policy at the SFCJ, or that such policy was the "moving force" behind the alleged use of excessive force.

    Plaintiff is given leave to amend his complaint, below, to allege facts that correct the

foregoing deficiencies.

## CONCLUSION

For the foregoing reasons,

1. Plaintiff shall file an amended complaint on or before **February 16, 2026**. The amended complaint **must be** on the court's complaint form and include the caption and civil case number used in this order (No. 25-cv-10173 SVK (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, (*see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992)), Plaintiff may not incorporate material from the original by reference; he must include in his amended complaint all the claims he wishes to pursue. **Failure to amend within the designated time and in accordance with this order may result in dismissal of this case**.

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion, although he may request an extension of time provided it is accompanied by a showing of good cause, and it is filed on or before the deadline he wants to extend. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

3. The Clerk shall mail Plaintiff two copies of the court's civil rights complaint form, instructions for completing it, and a postage-paid envelope to return the form to the court.

**SO ORDERED.**

Dated: January 9, 2026

Susan van Keulen
United States Magistrate Judge